UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LOUIS BANKS,                          :
      Plaintiff            :
                           :
  v.                              :    CIVIL NO. 4:CV-04-518
                           :
                           :    (Judge McClure)
DEPUTY WARDEN O'MARA,                 :
ET AL.,                               :
      Defendants           :

## **ORDER**

January 19, 2006

Louis Banks initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983 regarding his confinement at the Adams County Prison, Gettysburg, Pennsylvania.

On November 15, 2005, Banks was granted thirty (30) days in which to file an opposing brief to Remaining Defendant Tyler's pending motion to dismiss or, in the alternative for summary judgment. The Order forewarned that absent extraordinary circumstances, failure to submit a timely opposing brief would result in dismissal of his case.

By Order dated December 16, 2005, Plaintiff's motion requesting an enlargement of time in which to respond to Tyler's pending dispositive motion was granted. The Order again forewarned Banks that failure to file a timely opposing brief would result in dismissal of his case against Tyler pursuant to Federal Rule of Civil Procedure 41(b).

**Discussion**

The relevant time period established by the December 16, 2005 Order has passed and Banks has again failed to respond to the pending dispositive motion nor sought a further enlargement of time in which to do so. Failure to prosecute an action may warrant dismissal under Federal Rule of Civil Procedure 41(b), which in pertinent part, provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any Order of Court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the Court in its Order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication on the merits. The granting of an unopposed summary judgment motion is within the discretion of the court.

In <u>Poulis</u> the Third Circuit instructed the district court to consider six (6) factors in considering whether to dismiss a complaint with prejudice where the plaintiff's counsel failed to conduct discovery and file a pre-trial statement within deadlines set by the Court: (1) extent of the party's personal involvement; (2)

prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was wilful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense. See Adams v. Trustees, NJ Brewery Trust Fund, 29 F.3d 863 (3d Cir. 1994). Based on the Plaintiff's prolonged failure to submit a response to the Remaining Defendant's dispositive motion, an application of the Poulis factors weighs in favor of dismissal.

The Plaintiff's failure to respond to this Court's December 16, 2005 Order is deemed a failure to prosecute and the remainder of his action is hereby dismissed, with prejudice. Consequently,

**IT IS HEREBY ORDERED THAT**:

    1. Plaintiff's failure to respond to the Order of December 16, 2005, is deemed a failure to prosecute this action.

    2. In accordance with Federal Rule of Civil Procedure 41(b), Plaintiff's remaining claims are hereby dismissed, with prejudice.

    3. Remaining Defendant Tyler's motion for summary judgment (Record document no. 24) is dismissed as moot.

4. The Clerk of Court shall close this case.

5. Any appeal from this order will be deemed frivolous, without probable cause and not taken in good faith.

   s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge